FILED
United States Court of Appeals
Tenth Circuit

February 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

LARRY BRUCE MANGUM,

      Defendant – Appellant.

No. 13-4167
(D.C. No. 2:12-CR-00762-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Larry Mangum appeals his sentence, arguing that the district court erred by

departing upward based on prior dissimilar adult conduct. Exercising jurisdiction under

28 U.S.C. § 1291 and 18 U.S.C. § 3231, we affirm.

**I**

On October 28, 2012, Larry Mangum and his brother, Troy Mangum, got into an

---

    [*] At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

argument at the home where Larry lived with their father. A witness reported that Larry had been using methamphetamine. The fight became physical, and Larry went into the house to retrieve a shotgun. Larry cocked the shotgun, pointed it at Troy, and threatened to shoot him if he did not leave. Troy left and his wife called the police. After an eight-hour standoff during which police obtained a warrant, Larry surrendered. Police found a loaded shotgun in the house. Federal prosecutors charged Larry (hereinafter "Mangum") with two counts of being a felon in possession of a firearm and ammunition. He pled guilty to the firearm count and the ammunition count was dropped. State prosecutors later dropped separate assault charges.

Mangum has an extensive criminal history. He has ten prior convictions, including convictions for several violent crimes occurring more than fifteen years before his sentencing. Relevant to this appeal, he was convicted of aggravated assault twice: once in 1973, and again in 1984 for shooting at a seventeen-year-old boy. He also allegedly committed but was not convicted of other crimes, including aggravated assault in 1976, 1981, and 1983, and several sex crimes against minors between 2001 and 2009, including aggravated sexual assault in 2002.

A presentence report ("PSR") recommended classifying Mangum's criminal history as category IV based on his convictions during the previous fifteen years. The PSR recommended a Guidelines range of 57-71 months. Concerned that criminal history category IV failed to reflect the nature, frequency, and seriousness of Mangum's prior criminal conduct, the government moved for an upward departure to criminal history category VI. See U.S.S.G. § 4A1.3. The government argued that under § 4A1.2 cmt.

n.8, the 1984 aggravated assault conviction constitutes "similar, or serious dissimilar, criminal conduct" outside the fifteen-year period used in criminal history calculations, justifying an upward departure. It also argued that other alleged crimes, including the alleged sexual assaults, constitute similar adult criminal conduct not resulting in a conviction under § 4A1.3(a)(2)(E).

During Mangum's sentencing hearing, the district court referenced his criminal history as including "multiple incidents of criminal conduct not resulting in convictions," including "multiple instances of forcible sexual assault of minors." The district court then described Mangum's multiple assault convictions as evidence of prior "similar or serious dissimilar criminal conduct" outside the fifteen-year period that may nonetheless be considered when ruling on a motion for an upward departure. Ultimately, the district court concluded that "[b]ased on the defendant's prior similar conduct not included in the criminal history calculation and defendant's extreme conduct that did not result in convictions, the Court is convinced that it all indicates a likelihood that this defendant will commit other crimes." It granted the government's motion for an upward departure, and increased Mangum's criminal history category from IV to V. This resulted in a Guidelines range of 70-87 months. The court sentenced Mangum to 87 months. He timely appealed.

## II

Mangum argues that the district court committed reversible error by departing upward based in part on alleged conduct that was not similar to the crime for which he was convicted. We apply a four-factor test to review a district court's decision to depart

-3-

upward: "(1) [W]hether the district court relied on permissible departure factors, (2) whether those factors removed a defendant from the applicable Guidelines heartland, (3) whether the record supports the district court's factual basis for a departure, and (4) whether the degree of departure is reasonable." United States v. Robertson, 568 F.3d 1203, 1211 (10th Cir. 2009). Mangum's appeal is entirely premised on the first prong of this test. We review district court decisions under that prong de novo. United States v. Munoz-Tello, 531 F.3d 1174, 1188 (10th Cir. 2008).

Under the Guidelines, district courts may depart upward when "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1). When "the court finds that a sentence imposed outside [the applicable time period] is evidence of similar, or serious dissimilar conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3." § 4A1.2 cmt. n.8.

The district court discussed Mangum's prior convictions for aggravated assault as an example of an imposed sentence that evidences "similar or serious dissimilar" conduct and therefore can warrant an upward departure even though it occurred more than fifteen years ago. Notably, his 1984 aggravated assault conviction involved pointing a firearm at a victim, just as he did in the case at bar. Cf. Robertson, 568 F.3d at 1206-07, 1212-13 (explaining that a district court did not err in considering a defendant's "long history of carrying weapons [and] using weapons in a violent way" when determining whether to depart upward in sentencing a defendant who pled guilty to being a felon in possession of

-4-

a firearm). Mangum himself admits that his prior assault convictions from outside the relevant timeframe constitute an appropriate basis for an upward departure. The prior assault convictions from outside the relevant fifteen-year timeframe were thus a valid basis for the district court's decision to depart upward.

Mangum nevertheless argues that the district court committed reversible error when it went beyond discussion of his past aggravated assaults and also referenced his "multiple instances of forcible sexual assault on minors." From the outset, we note that "not every consideration of an improper[] departure factor necessitates a remand." Id. at 1212. But we need not address the parties' arguments regarding the harmlessness of any error committed, because the district court did not err. Mangum argues that perpetrating a sexual assault is not "similar" to being a felon in possession of a firearm, and it is therefore not a valid basis for an upward departure under § 4A1.3(a)(2). Under the Guidelines, evidence of "[p]rior similar adult criminal conduct not resulting in a criminal conviction" may provide information indicating that a defendant's criminal history is underrepresented. § 4A1.3(a)(2). Yet "[n]othing in § 4A1.3(a)(2) suggests that the grounds listed for departure are the only permissible bases for departure for an inadequately represented criminal history category." United States v. Pettigrew, 468 F.3d 626, 641 (10th Cir. 2006) (emphasis added). Section 4A1.3(a)(2) specifies that the information indicating that an upward departure is warranted "may include" any of several categories of information. Id. (emphasis added). Use of the term "may include" indicates that the categories listed are not exclusive. See Smith v. Midland Brake, Inc., 180 F.3d 1154, 1168 n.7 (10th Cir. 1999) (en banc) ("The words 'may include' precede

the nonexclusive list . . . precisely because the list is nonexclusive . . . .").

Accordingly, in Pettigrew, we held that it was permissible for a district court to depart upward for two reasons that were not listed under § 4A1.3(a)(2). 468 F.3d at 641-42. Thus, the district court could permissibly consider evidence that Mangum sexually assaulted minors when it departed upward based on Mangum's underrepresented criminal history.[1] It is not error to rely on types of criminal conduct not listed in § 4A1.3(a)(2) to conclude that a defendant's criminal history is underrepresented.

Mangum relies on United States v. Allen, 488 F.3d 1244 (10th Cir. 2007), which concluded that prior adult criminal conduct must "relate meaningfully to the offense of conviction" for a departure under § 5K2.0 to be justified. Allen, 488 F.3d at 1257. But Allen explicitly noted that "[s]ection 5K2.0 is not applicable to departures pursuant to other guidelines, such as underrepresentation of criminal history," and that "[n]either criminal history nor underrepresentation of criminal history is limited to crimes related to the crime of conviction." Allen, 488 F.3d at 1257 n.4. Accordingly, Allen is inapposite.

**III**

The district court properly based its upward departure on Mangum's prior

---

[1] We recognize that the outcome of this case might be different if the district court had explicitly stated that it was relying only on § 4A1.3(a)(2)(E) as the basis for its upward departure, and then proceeded to depart upward based on conduct that falls outside of § 4A1.3(a)(2)(E). Cf. Robertson, 568 F.3d at 1213 ("An upward departure under § 4A1.3(a)(2)(E) is only befitting if a defendant's prior, adult, criminal conduct is sufficiently similar to that underlying the instant offense."). But in this case, although the district court referenced § 4A1.3(a)(2)(E) earlier in the sentencing proceeding, it did not tie its decision to depart upward to § 4A1.3(a)(2)(E), but rather based its decision on Mangum's "extreme conduct that did not result in convictions [which] indicates a likelihood that [he] will commit other crimes."

aggravated assault convictions pursuant to § 4A1.2 cmt. n.8. His prior alleged sexual assaults were also a proper basis for departure because § 4A1.3(a)(2) provides only a nonexclusive list of grounds for departure. Accordingly, the judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge